IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD JUNGFERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3597-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Donald Jungferman seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on January 16, 2001. The parties' briefs were fully submitted, and on November 15, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, " the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Donald Jungferman was born in 1955 and has an Associate of Arts degree. He served with the United States Air Force for twenty-three years and receives disability benefits from the Department of Veterans Affairs. After leaving the Air Force, he worked briefly as a truck stop cashier and convenience store assistant manager.

He attends college with assistance from other students, accommodations made by the instructors and a recognition that he needs additional breaks and help with note-taking that are not afforded to other students.

Jungferman is 5' 6" tall and weighs approximately 250 pounds. He claims disability due to a combination of conditions, including coronary artery disease, sleep apnea, acid reflux, carpal

tunnel syndrome, arthritis in his back and bad knees.  He experiences pain in his knees, ankles, hands and back.  He alleges he has very limited use of his hands, he can't bend over and he can't stand on his feet for any significant period of time.

After considering the evidence, the Administrative Law Judge (ALJ) found claimant had the following severe impairments: "obesity, degenerative disc disease of the lumbosacral spine, arthritis affecting other various joints, residual symptoms of bilateral carpal tunnel syndrome, a history of coronary artery disease, and hypertension, hyperlipidemia, and sleep apnea controlled by medication."  Nevertheless, the ALJ determined that claimant had the residual functional capacity to perform sedentary work with certain limitations.  He cited surveillance system monitor as an example of the type of work Jungferman could perform.

Benefits were awarded, however, beginning on March 26, 2005, based upon claimant's age.

Jungferman challenges the denial of benefits between January 16, 2001, and March 26, 2005.  He asserts the ALJ erred in weighing claimant's credibility, in considering the evidence from the Department of Veterans Affairs, and in applying the vocational expert testimony.  He indicates he has arthritic pain in his back, neck, shoulders, arms, elbows, hands, knees and ankles.  At times, the pain is shooting or burning.  Additionally, he experiences numbness in his hands and arms, bilateral carpal tunnel symptoms, shortness of breath, and pain from acid reflux.  He had three stunt placements for coronary artery disease, and has high blood pressure and high cholesterol.  He is borderline diabetic and suffers from sleep apnea.

The ALJ noted some of these conditions existed and had been treated prior to Jungferman's alleged onset date, and thus, did not prevent him from working at jobs classified in the light exertional level.  The ALJ summarized some of the medical records and concluded that the severity of some of claimant's allegations was not noted until after his alleged onset date.  Further, he found that many of his conditions were controlled by medications.  As a result, the ALJ decided claimant retained the residual functional capacity for a significant number of jobs in the sedentary exertional level.

At claimant's request, this court must determine whether the ALJ's conclusions are supported by substantial evidence on the record as a whole.

In this case, the ALJ stated that claimant's allegations were not credible. He discounted the testimony of claimant's witnesses because they were biased by affection. He recognized Jungferman's excellent work record and the disability rating assigned by the Department of Veterans Affairs, but ultimately found that claimant's allegations were inconsistent with the medical evidence.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

The ALJ focused much of his attention on what the medical records did not say rather than what they did say. The records indicate Jungferman obtained regular medical care, appeared to comply with treatment recommendations, and to have well-documented conditions that would limit his activities. Most of his treatment was obtained through the VA, and the VA records should not be discounted in the absence of inconsistencies that can be adequately articulated. The VA rating is some documentation that claimant's restriction of daily activities has medical support and is not just a lifestyle choice as suggested by the ALJ.

After reviewing the record, the court finds that the ALJ's credibility determination is not supported by substantial evidence on the record as a whole. The Eighth Circuit has repeatedly held that "the inquiry must focus on the claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" Tang v. Apfel, 205 F.3d 1084, 1086 (8th Cir. 2000). The ability to do some domestic tasks and to attend school with accommodations does not necessarily translate into the ability to perform full-time work.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits for the relevant time period.

Dated this 29th day of November, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge